**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DEMOND G. JOHNSON,<br>Plaintiff,<br>v.<br>MOREHOUSE SCHOOL OF MEDICINE, INC.,<br>Defendant. | CIVIL ACTION NO.<br>1:25-cv-07366-ELR-RGV |

**MAGISTRATE JUDGE'S FINAL**
**REPORT AND RECOMMENDATION**

On December 23, 2025, Demond G. Johnson ("plaintiff"), proceeding *pro se*, sought to file this civil action against defendant Morehouse School of Medicine, Inc. ("defendant"), without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a). See [Docs. 1 & 1-1]; see also [Doc. 3].[1] On January 5, 2026, the Court granted plaintiff's request to proceed *in forma pauperis*, but ordered him to file an amended complaint within fourteen days to address the deficiencies noted within that Order, including by setting forth sufficient allegations to state a plausible claim under the Federal Rules of Civil Procedure.

---

[1] The listed document and page number in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

See [Doc. 2]. The Court also cautioned him that "failure to comply with any of the instructions within [the] Order and failure to timely file the amended complaint [would] result in a recommendation that this action be dismissed." [Id. at 10]. Plaintiff filed an amended complaint against defendant on January 16, 2026. [Doc. 6]. Because plaintiff's amended complaint, [Doc. 6], still suffers from the same deficiencies as his original complaint, [Doc. 3], as well as additional deficiencies, it is **RECOMMENDED** that plaintiff's amended complaint, [Doc. 6], be **DISMISSED**.

A complaint is frivolous if "it lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), or "if the 'plaintiff's realistic chances of ultimate success are slight,'" Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam)). Under 28 U.S.C. § 1915(e), the Court must dismiss the case if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke, 490 U.S. at 327; Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citation

omitted). "Unsupported conclusory factual allegations [] may be 'clearly baseless.'" Craven v. Florida, No. 6:08-cv-80-Orl-19GJK, 2008 WL 1994976, at *4 (M.D. Fla. May 8, 2008), adopted at *2.

Moreover, in order to state a claim on which relief can be granted, plaintiff's allegations must comply with Rule 8 of the Federal Rules of Civil Procedure, which provides in relevant part: "A pleading . . . must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). A complaint should not consist of vague and conclusory allegations, but must clearly state a cause of action. See Ransom v. Colonial Counseling Assocs., No. 6:08-cv-2056-Orl-31KRS, 2009 WL 88490, at *2 (M.D. Fla. Jan. 12, 2009), adopted at *1. Plaintiff must clearly state what rights under the Constitution, laws, or treaties of the United States have been violated and how they support the allegations set forth in the complaint. See 28 U.S.C. § 1331. However, because plaintiff is proceeding *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir.

2006), abrogated on other grounds as recognized in Sconiers v. Lockhart, 946 F.3d 1256, 1259-60 (11th Cir. 2020) (citation and internal marks omitted).[2]

In the amended complaint, plaintiff asserts claims of failure to accommodate and retaliation under the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 et seq., as well as interference under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. [Doc. 6 ¶¶ 27-35]. Specifically, plaintiff alleges in his amended complaint that he began his employment with defendant on September 18, 2023, as a mail clerk; that he has a "documented visual impairment and physical lifting limitations"; that on February 4, 2025, he notified Human Resources "in writing of a qualifying medical condition requiring time away from work"; that defendant "requested and received medical documentation, placing [it] on actual knowledge of [his] disability and limitations"; that on April 28, 2025, he "formally requested reasonable accommodations, including relief from visually intensive tasks, heavy lifting, and unsafe physical assignments"; and that he followed up about his

[2] Although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this district's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008) (citations omitted).

accommodation request on May 5, 2025, but defendant "failed to engage in the interactive process" and continued to assign him "oversized freight and heavy shipments." [Id. ¶¶ 7, 9-15 (emphasis omitted)]. Plaintiff also alleges that he "engaged in protected activity" by requesting an accommodation, "[r]eporting safety and compliance concerns," and participating "in an internal investigation," which was closed "with 'no findings[]'" in September 2025. [Id. ¶¶ 18-19]. Plaintiff further alleges that after he requested an accommodation, defendant "refused to correct payroll errors through available off-cycle methods," which caused him to be "unable to proceed with a scheduled medical procedure, rendering his FMLA leave effectively unusable" and constituted "unlawful interference with [his] FMLA rights." [Id. ¶¶ 24-26 (emphasis omitted)].

Plaintiff's amended complaint, [Doc. 6], suffers from several deficiencies, including the same deficiencies explained in the Court's January 5, 2026, Order, [Doc. 2]. First, unlike plaintiff's original complaint, [Doc. 3], his amended complaint fails to satisfy Rule 11 because he did not sign it, [Doc. 6 at 5]. Pursuant to Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "The court must strike an unsigned paper unless the omission is

promptly corrected after being called to the . . . party's attention." Id. Although plaintiff typed his name on the signature page of his amended complaint, see [Doc. 6 at 5], he was required to "handwrite his signature in order to satisfy Rule 11(a)," Boone v. Baldwin Cnty., CIVIL ACTION NO. 1:23-00254-KD-N, 2023 WL 5273773, at *2 (S.D. Ala. July 10, 2023) (emphasis and citation omitted); see also Becker v. Montgomery, 532 U.S. 757, 759-60, 764 (2001) (stating the court was "not disposed to extend the meaning of the word 'signed,' as that word appears in Civil Rule 11(a), to permit typed names," and finding "the requirement of a signature [under Rule 11(a)] to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)," where *pro se* petitioner filed a notice of appeal in which he "typed, but did not hand sign, his own name"); Gates v. City of Hogansville, CIVIL ACTION FILE NO. 3:23-cv-00157-TCB-RGV, 2024 WL 5701067, at *3 n.5 (N.D. Ga. May 2, 2024), adopted by 2024 WL 5700931, at *1 (N.D. Ga. May 22, 2024). Thus, plaintiff has failed to submit a properly signed amended complaint. See Williams v. Rusher, NO. 5:21-CV-00013-TES-CHW, 2021 WL 12347980, at *1 (M.D. Ga. June 10, 2021), adopted by 2021 WL 12348078, at *1 (M.D. Ga. June 30, 2021). However, even if plaintiff had properly signed his amended complaint, it would still be subject to dismissal for

failure to obey the Court's January 5, 2026, Order and for failure to state a plausible claim.

As explained in the Court's January 5, 2026, Order, while plaintiff "brings claims under the ADA, he has not alleged that he filed a charge of discrimination with the Equal Employment Opportunity Commission ('EEOC'), or that he has received a Notice of Right-to-Sue letter from the EEOC if he did submit a charge of discrimination." [Doc. 2 at 6 (citation omitted)]. The Court specifically explained to plaintiff that "a plaintiff suing under the ADA must exhaust his administrative remedies before filing suit in federal court by filing a charge of discrimination with the EEOC and receiving the statutory notice from the EEOC," including that "an ADA failure to accommodate claim must be separately exhausted in the EEOC process, and similarly, a retaliation claim based on pre-Charge activities is a distinct claim that must be separately exhausted," [id. at 6-7 (citation and internal marks omitted)], but plaintiff still fails to allege that he exhausted his administrative remedies as to the ADA claims he seeks to bring in his amended complaint, see [Doc. 6].

With respect to plaintiff's interference claim under the FMLA, the Court previously explained that a "plaintiff asserting an interference claim under the FMLA must plead, and ultimately prove, that he was denied a benefit to which he

was entitled under the FMLA, and that he has been prejudiced by the violation in some way." [Doc. 2 at 8 (alterations, citation, and internal marks omitted)]. The Court noted that plaintiff had not "alleged that he was denied leave under the FMLA or that defendant failed to restore him to his position upon return from leave." [Id. at 9]. Similarly, in his amended complaint, plaintiff alleges that defendant's refusal to correct payroll errors caused him to be in a position to proceed with a scheduled medical procedure and rendered his FMLA leave unusable, [Doc. 6 ¶¶ 24-25], but he has not alleged that he requested to take FMLA leave and was denied, but rather, as the Court previously explained, the "issues about which plaintiff complains are ancillary to the denial of an FMLA benefit, and in short, there is no allegation defendant deprived him of a benefit by engaging in the alleged conduct," [Doc. 2 at 9 (alterations, footnote, citation, and internal marks omitted)]. Thus, plaintiff has still failed to state a claim for interference under the FMLA.

For the reasons stated herein, and in this Court's previous Order, [Doc. 2], plaintiff's amended complaint, [Doc. 6], which has not been properly signed by plaintiff, fails to state a plausible claim under the Federal Rules of Civil Procedure. Accordingly, it is **RECOMMENDED** that plaintiff's amended complaint, [Doc. 6],

be **DISMISSED** for failure to comply with the Court's January 5, 2026, Order, and for failure to state a plausible claim.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO RECOMMENDED** and **DIRECTED,** this 29th day of January, 2026.

Russell G. Vineyard

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE